## UNITED STATES DISTRICT COURT
### FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J ASCENZI, | : |
| | : |
| Petitioner, | : |
| | :   CIVIL NO. 3:CV-04-2714 |
| v. | : |
| | :   (JUDGE VANASKIE) |
| CHARLES ERICKSON, | : |
| | : |
| Respondent. | : |

### M E M O R A N D U M

**I.     Introduction**.

On December 17, 2004, Petitioner, Michael J. Ascenzi, an inmate presently incarcerated at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania, filed pro se the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting Memorandum of Law.  (Dkt. Entries 1 and 2.)  Petitioner paid the required filing fee. On January 28, 2005, the Court issued an order directing a response to the Petition.  (Dkt. Entry 12.)  After receiving a nunc pro tunc enlargement of time (Dkt. Entry 22), Respondent filed its response on May 10, 2005.  (Dkt. Entry 29.)  Petitioner filed a traverse.  (Dkt. Entry 30.) On February 22, 2006, the Court directed Respondent to provide various state court documents related to Petitioner's direct and collateral challenges to the criminal judgment under review. (Dkt. Entry 34.)  On March 28, 2006, Respondent filed a number of the requested documents. Additional state court records were filed by Respondent on May 10, 2007.  The Petition is ripe

for disposition and, for the reasons that follow, will be denied.[1]

## II.      Factual and Procedural Background.[2]

In November 1995, following a jury trial in the Luzerne County Court of Common Pleas, Ascenzi was convicted of possession of a controlled substance (marijuana), possession with intent to deliver a controlled substance, and possession of drug paraphernalia.  Ascenzi fled the jurisdiction after his conviction, but was later apprehended.  On February 6, 1997, Ascenzi was sentenced to four and one half (4 ½ ) to ten (10) years imprisonment, plus a consecutive one-year term of probation and a $30,000 fine.[3]

Ascenzi was represented by Attorney Frank Nocito ("Nocito") through sentencing. (Dkt. Entry 1, Petition.)  Nocito was privately retained.

Following sentencing, the state trial court appointed Attorney John Pike ("Pike") as Ascenzi's post-trial counsel. (Dkt. Entry 2, Memorandum in Support of Petition for Habeas

---

[1] Also pending before the Court is a Second Motion for Appointment of Counsel (Dkt. Entry 43) and Motion to Compel Discovery (Dkt. Entry 46).  Both motions were submitted after Petitioner filed his traverse.  Because the Court has determined that the habeas petition lacks substantive merit, Petitioner's motions will be dismissed.

[2] Unless otherwise stated, the factual background is extracted from the Pennsylvania Superior Court opinion affirming the denial of Ascenzi's petition for relief filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") , 42 Pa. C. S. §§ 9541, et seq.  (Dkt. Entry 39-4, Superior Court of Pennsylvania Opinion dated July 15, 2003.)

[3] Ascenzi has filed a number of actions in this Court that concern subsequent convictions and adverse parole decisions.  It suffices to note here that, although he was paroled twice on the sentence at issue here, it appears that Ascenzi is continuing to serve prison time as a consequence of the conviction at issue here.

Corpus, p. 7.)  Post-trial motions were filed, reviewed by the Court, and denied on August 27,

1997.  (Dkt. Entry 39-2, Luzerne County Court of Common Pleas Order dated August 26, 1999,

p. 6.)  Thereafter, Pike withdrew as Petitioner's counsel, and Attorney Gerald Wassil ("Wassil")

was appointed as Ascenzi's direct appeal counsel .  (Dkt. Entry 2, Memorandum in Support of

Petition for Habeas Corpus, p. 7.)

Ascenzi, through Wassil, filed a timely notice of appeal with the Pennsylvania

Superior Court.  The sole issue raised was whether "the trial court erred in failing to suppress

evidence because the police violated the knock and announce rule when executing a search

warrant."  (Dkt. Entry 39-2, Superior Court of Pennsylvania Judgment Order dated October 2,

1998, p. 2.)  Upon appeal, the Superior Court issued a one page order, which in part, held:

> The trial court found no violation, concluding that the officers
> executing the warrant, knocked, announced their purpose and
> authority, and waited a sufficient time before forcibly entering the
> premises.  While Appellant raises points of inconsistency between
> the preliminary hearing testimony and suppression hearing
> testimony of Agent Melnick, this goes to issues of credibility.  The
> Honorable Michael T. Conahan determined that there was no
> violation of Pa. R. C. P. 2007.  We have reviewed the record and
> find the evidence supports the trial court's factual findings.

(Id.; Commonwealth v. Ascenzi, 726 A.2d 1074 (Pa. Super. 1998) (unpublished opinion))

Petitioner, proceeding pro se, filed a petition for allowance of appeal to the Supreme Court of

Pennsylvania, which was denied on April 28, 1999.  (Dkt. Entry 39-2, Supreme Court of

Pennsylvania Order dated April 28, 1999.)

-3-

On February 2, 2000, Ascenzi filed his first PCRA petition, alleging ineffectiveness of trial counsel (Nocito).  He amended the petition on April 6, 2000, to include a claim of ineffectiveness of post-trial counsel (Pike).  On July 19, 2000, he amended his petition a third time to include a claim of ineffective assistance of direct appeal counsel (Wassil), and requested the appointment of a lawyer.  (Dkt. Entry 39-3, Superior Court of Pennsylvania Order dated March 26, 2002; Dkt. Entry 49-2, Ascenzi's Third Amended PCRA Petition.)  The Court appointed Attorney Steve Menn ("Menn") to represent him.  Menn did not file an amended PCRA petition, but served as Ascenzi's "standby counsel" at the PCRA evidentiary hearings held on November 8 and 15, 2000.  (Id.)

During the second day of the PCRA proceedings, Ascenzi called three witnesses: Americo Ascenzi (his father); John Pike; and Gerald Wassil.  (Dkt. Entry 49, Transcript of Second Day of PCRA Proceedings ("PCRA Transcript"), p.  55-62.)  Americo Ascenzi testified that he was upstairs sleeping in his home on December 2, 1994, when the police executed the search warrant.  (Id. at p. 4.)  At some point, Ascenzi's father "was taken downstairs" where he joined Petitioner and Ms. Gainey, Petitioner's then girlfriend.  (Id.)  Americo Ascenzi remarked that several weeks after his son's arrest, Atty. Nocito came to his home to photograph the basement area, but did not take a written statement from him, or request him to testify at trial. (Id.)

Ascenzi's post-trial counsel, Attorney Pike, testified that his role was limited to

-4-

physically reformatting the issues raised by Ascenzi in his pro se post-trial motion and submitting it to the Court.  (Id. at pp. 10 - 11.)  The issues raised included the following allegations of Nocito's ineffectiveness: (1) failure to communicate adequately with Petitioner;[4] (2) failure to challenge the racial make up of the jury; and (3) failure to call Ascenzi's father and girlfriend to testify to the events the night the police searched the Ascenzi residence.[5]

Ascenzi also alleged that his sentence was illegal based on: (1) the weight of the marijuana seized was inaccurately portrayed as over 10 pounds, resulting in him being given a higher mandatory minimum sentencing range, and (2) the trial court's failure to determine Ascenzi's ability to pay the $30,000-fine prior to assessing it.  As to these issues, Pike noted that the weight of the drugs was determined prior to his involvement in the case, and was determined to be in excess of 10 pounds.  Pike did not believe Ascenzi received an illegal sentence as the term received was less than the maximum sentence allowable under the sentencing guidelines for a second time offender in possession of greater than 10 pounds of marijuana.  Additionally, he stated the monetary fine imposed was consistent with the statutorily defined mandatory minimum for the offense.  (Id. at pp. 24-27.)[6]  According to Pike, at the

---

[4]  Pike recalled that  Nocito told him that at times Ascenzi fell asleep during his trial (Id. at p. 22.)

[5]  Pike testified that he spoke with Ascenzi's father on several occasions.  (Id. at p. 28.)

[6]  Ascenzi himself later testified that he thought he had  "close to ten pounds" of marijuana in his house at the time of the search, which he conceded carried a mandatory minimum sentence of four years under the relevant statute.  (Id. at p. 53.)

hearing on the post-trial motion, Ascenzi's testimony primarily expressed concern with:  (1) the

confiscation of the money seized from the home;[7] and (2) the violation of the knock and

announce rule related to the execution of the search warrant.  (Id. at pp. 22 - 23.)

Wassil, who represented Ascenzi during his direct appeal to the Superior Court,

testified that he spoke with both Nocito and Pike, and reviewed their performance and possible

grounds for appeal by examining the record and transcripts in the case.  (Id. at pp. 33-34 and

pp. 39-40.)  Wassil determined Ascenzi's claims of counsels' alleged ineffectiveness were of no

merit. (Id. at p. 35.)  He testified that he pursued the only potentially meritorious claim he found

– the alleged violation of the knock and announce rule.  (Id. at p. 35.)  After the Superior Court

denied Petitioner's direct appeal, Wassil advised Ascenzi that he felt it would be frivolous to

further appeal the matter to the Pennsylvania Supreme Court.  (Id. at p. 38.)

At the conclusion of the hearing, Ascenzi summarized his various claims.  He

asserted that Nocito was ineffective for failing to: (1)  evaluate the possible favorable testimony

his father and girlfriend could have offered as they were present when the police searched his

home; (2) seek the opportunity to call into court the confidential informant upon whom the police

had relied in formulating the probable cause affidavit; (3) continue his representation of

---

[7]  During the PCRA hearing, Ascenzi ultimately conceded he was challenging the
forfeiture of the funds seized from the basement of his home via an independent civil
proceeding and thus dropped this claim from his PCRA petition.  (Id. at p. 17 and p. 50.)

Petitioner by filing a direct appeal; (4) challenge his absence from jury selection;[8] and (5) listen to Petitioner when he pointed out Commonwealth witnesses were changing their testimony.  (Id at pp. 46-49.)  Petitioner then explained Wassil was ineffective for failing to pursue on appeal any of the claims asserted in his post-trial motion without his permission.  Ascenzi disagreed with Wassil that the claims were meritless.  (Id. at p. 51.)  He accused Attorney Pike of failing to raise the inappropriate admission of Ascenzi's prior theft charge on appeal.  (Id. at p. 52.)  Finally, Ascenzi reasserted that his sentence was illegal because:  (1) the length of the sentence was based on the inaccurate weight of the marijuana seized; and (2) the fine was imposed without any consideration of his ability to pay it.  He also stated he received an extra six months because he was declared a fugitive after trial when he failed to appear for his first sentencing hearing.  (Id. at p. 54.)   The PCRA Court denied Ascenzi's Petition at the conclusion of the second hearing.  (Id. at pp.  61-62.)

Petitioner, proceeding pro se, filed a notice of appeal, concise statement of matters complained of on appeal, and a brief alleging ineffectiveness of trial counsel, post-conviction counsel and appellate counsel.  (See Dkt. Entry 49-5, Petitioner's Concise Statement of Matters to be Complained of on Appeal; and Dkt. Entry 49-6, Ascenzi's Appellate Brief.)  After finding that Petition was essentially "uncounseled" throughout the PCRA proceedings in

_____

[8]  "Mr. Nocito is indicating that I was present at this jury selection which I was not."  (Id. at p. 49.)

that "the assistance provided by court-appointed counsel [Menn] was less than adequate," the

Superior Court vacated the Order denying relief and remanded the matter for the appointment

of new PCRA counsel.  (Dkt. Entry 39-3, Superior Court Memorandum Opinion dated March

26, 2002.)

On September 9, 2002, a hearing for the appointment of new counsel was held

by the PCRA court.  (Dkt. Entry 39-3 at p. 7, Luzerne County Court of Common Pleas Order

dated September 9, 2002.)  Petitioner rejected the appointment of counsel and requested to

proceed pro se.  This request was granted, and Ascenzi was given leave to appeal nunc pro

tunc from the November 15, 2000 Order denying relief under the PCRA. (Dkt. Entry 49-6,

Petitioner's PCRA Appellate Brief, p. 12.)

Ascenzi raised ten issues within his Concise Statement of Matters Complained of

on Appeal.  The Superior Court found Ascenzi had waived his claim of Nocito's ineffectiveness

with respect to the alleged failure to interview two eye witnesses to the search of Petitioner's

residence.  (Dkt. Entry 39-4, Superior Court Memorandum Opinion dated July 13, 2003, at 3).

Notwithstanding this conclusion, the Superior Court determined that the claim lacked merit

based on the PCRA court's consideration of testimony of one of the proposed witnesses and

counsel.  (Id. at 4.)  The trial court had found to be credible Nocito's testimony that he had

indeed interviewed the witnesses and exercised professional judgment in deciding not to call

either witness at trial.  The Superior Court rejected other instances of alleged ineffectiveness of

trial counsel,[9] stating:

> [A]ny allegation of trial counsel's ineffectiveness is waived for
> failure to raise the arguments on direct appeal.  With regard *only* to
> the allegations concerning the use of false information to obtain the
> search warrant, the weight of the marijuana seized, and the
> imposition of $30,000 fine, however, it appears appellant has
> attempted to layer these claims, albeit in awkward fashion, to
> include post-trial counsel and appellate counsel.  We will address
> only these claims; all other claims of trial counsel's ineffectiveness
> are waived.

(Id. at 5-6.)  As to the three asserted instances of trial counsel ineffectiveness not waived, the

Superior Court found that, contrary to Ascenzi's argument, the validity of the search warrant

was argued and resolved, and Ascenzi had failed to explain how trial counsel was ineffective.

(Id. at 6.)  As to the weight of marijuana for sentencing purposes, the appellate court found that

trial counsel had been effective in correcting the presentence investigation report statement that

10.9 pounds had been seized from Ascenzi's residence, when the correct amount was 10.7

pounds, and in arguing that amounts held for personal consumption should not be included for

sentencing purposes. (Id. at 6-7.)  Finally, the Superior Court concluded that trial counsel could

not be faulted in connection with the imposition of a fine of $30,000 because it was mandated

---

[9]  Ascenzi asserted that Attorney Nocito had been ineffective in failing to impeach
Commonwealth witnesses despite the fact that Attorney Nocito purportedly knew that false
information had been used to procure the search warrant, the prosecutor falsely represented
that Ascenzi had a prior conviction, and witnesses lied as to the weight of the marijuana seized.
Ascenzi also claimed that trial counsel should have objected to the fine imposed upon Ascenzi
without a determination of his ability to pay, and Asenzi's absence from jury selection.

by statute.  (Id. at 7.)   As to appellate counsel, the Superior Court concluded that he had not been ineffective in failing to petition for allowance of appeal.  (Id. at 8.)

Ascenzi then filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.  On February 25, 2004, the Commonwealth's high court denied the pro se petition.  Ascenzi then filed for habeas relief in this Court, presenting the following eight (8) grounds for relief:

(1) Denial of effective assistance of trial counsel based on the following: failure to interview eye witnesses; failing to impeach state witnesses; failure to request mistrial after Petitioner's prior criminal record was admitted; not obtaining an order for probable cause issue; stealing money; forcing Petitioner to perjure himself; failure to obtain proper weight of seized marijuana for sentencing purposes; and failure to file appeals.

(2) Denial of effective post-trial counsel based on the following: failure to litigate a number of constitutional issues; failure to preserve ineffectiveness of trial counsel; illegal sentence; malicious prosecution; introduction of petitioner's prior criminal history; failure to properly present a violation of the knock and announce rule, lack of probable cause for search warrant, and sufficiency of the evidence to convict.

(3) Denial of effective appellate counsel based on the following: failure to pursue ineffectiveness of trial counsel or post trial counsel, illegal sentence, inadmissible information as to Petitioner's prior criminal history, malicious prosecution, insufficiency of probable cause affidavit; and insufficient evidence to convict.

(4)  Affidavit of probable cause was too broad and lacked supportable facts;

(5) Knock and Announce rule violated;

(6) Ascenzi's inadmissible prior criminal conviction was admitted into evidence;

(7) The prosecution "acted maliciously" during the course of Petitioner's trial;

(8) There was insufficient evidence to convict Petitioner because the weight of the marijuana was insufficiently established; prosecution failed to establish each element of each offense beyond a reasonable doubt; and the verdict was contrary to the evidence.

(Dkt. Entry 1, Petition.)

## III.    Applicable Law

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U .S.C. § 2254(a).  Properly presented, exhausted claims for relief that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(2).  A state court decision will be an "unreasonable

application of" Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. 362, 408-409 (2000).  However, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.

Under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A habeas petitioner must rebut this presumption by clear and convincing evidence.  See 28 U.S.C. §2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003).  This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

## III.   **Discussion.**

Several of Ascenzi's ineffectiveness of counsel claims with respect to Nocito are procedurally defaulted without excuse (failure to seek mistrial after Petitioner's criminal record was admitted; his alleged absence at jury selection; forcing Petitioner to perjure himself, and the charge that Nocito stole money from him).  The remaining claims related to Nocito's alleged ineffectiveness are deemed properly exhausted, but without merit: his failure to interview eyewitnesses; failure to obtain the proper weight of the marijuana seized; and failure to object to the imposition of the monetary fine prior to a determination as to Ascenzi's ability to pay.  As

I have concluded that there is no ineffectiveness of trial counsel on these claims, there can be no successful claim that Ascenzi's subsequent attorneys were ineffective for failing to raise trial counsel's ineffectiveness.  Such claims against Petitioner's post-verdict and appellate counsel are, nonetheless, also procedurally defaulted without exception.  Ascenzi's multifaceted Fourth Amendment challenge to the search warrant (insufficiency of probable cause affidavit based on false testimony of state witnesses and a violation of the knock and announce rule) also does not provide Petitioner with an avenue for federal habeas corpus relief as he was afforded a full and fair opportunity to litigate this matter in state court.

### A.    Procedurally Defaulted Claims

Habeas corpus relief cannot be granted unless available state court remedies on the federal constitutional claims have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  This statutory provision has been interpreted to require the federal habeas petitioner to present both the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999); Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004).  To satisfy this requirement, a petitioner must demonstrate that the claim raised was fairly presented to the state's highest court, either on direct appeal or in a state post-conviction proceeding.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  In

addition, the state court must be put on notice that a federal claim is being asserted.  Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).  The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition; it is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding.  Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir.1984).

The exhaustion requirement is not a mere formality.  It serves the interests of comity between federal and state systems by allowing the state an initial opportunity to determine and correct any violation of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available, or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted for purposes of federal court habeas review.  Bronshstein v. Horn, 404 F.3d 700, 707 (3d Cir. 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)) ("The procedural default doctrine precludes a federal habeas court from 'review[ing] a question of federal law decided by a state court if the decision of that court rests on a state law ground that is *independent* of the federal question

-14-

and *adequate* to support the judgment.'")(emphasis in original).  In situations where returning an unexhausted claim to the state courts would be futile because of a state procedural bar, the exhaustion requirement is excused.  Slutzker v. Johnson, 393 F.3d 373, 379-380 (3d Cir. 2004).  Nonetheless, while a prisoner's procedural default may excuse exhaustion, it does not automatically entitle him to federal court review of the merits of his claim.

A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 225 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000). To satisfy the first exception, petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).  Once "cause" has been successfully demonstrated, petitioner must then prove "prejudice."  Prejudice must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Id. at 494.

Alternatively, a federal court may excuse a procedural default when the petitioner

-15-

establishes that failure to review the claim will result in a fundamental miscarriage of justice.
See Werts v. Vaughn, 228 F.3d 178, 192 - 193 (3d Cir. 2000).  A credible allegation of "actual
innocence"  constitutes a "miscarriage of justice" that enables federal courts to hear the merits
of otherwise procedurally defaulted habeas claims.  Hubbard v. Pinchak, 378 F.3d 333, 338 (3d
Cir. 2004).  The fundamental miscarriage of justice exception, as defined by the United States
Supreme Court, is confined to cases of actual innocence as compared to legal innocence,
where the petitioner can show that it is more likely than not that no reasonable juror would have
found him guilty beyond a reasonable doubt in light of new evidence.  Schlup v. Delo, 513 U.S.
298, 327 (1995).  "To be credible," a claim of actual innocence must be based on reliable
evidence not presented at trial.  Id. at  324.

            In the present case, the Superior Court found that two of Ascenzi's ineffective
assistance of trial counsel claims were waived as a result of his failure to include them on direct
appeal or layer them in claims of ineffectiveness of post-trial or appellate counsel. (Dkt. Entry
39-4, Pennsylvania Superior Court Memorandum Opinion dated July 15, 2003, at 5-6.)
Specifically, the state intermediate appellate court found that Ascenzi had waived judicial
review of the alleged ineffective assistance of trial counsel in pursuing the issue that "the
prosecutor lied when he alleged appellant had a prior conviction," and in failing to raise
Ascenzi's absence during jury selection, because Ascenzi had failed to present them on direct
appeal or to include them in an appropriately layered ineffective assistance claims against post-

verdict or appellate counsel. (Id.)

In Pennsylvania, "[a]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa. C.S. § 9544(b).  Prior to December 2002, Pennsylvania law required a petitioner to raise claims of ineffectiveness of counsel "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." Tillery v. Horn, 142 Fed. Appx. 66, 67 - 68 (3d Cir. 2005)(quoting Commonwealth v. Hubbard, 472 Pa. 259, 372 A.2d 687, 695 n.6 (1977)).  When a petitioner failed to raise his claim of ineffectiveness of trial counsel on direct appeal, the Pennsylvania courts found that judicial review of the issue in a PCRA proceeding was foreclosed due to the waiver provision of 42 Pa. C.S. § 9554(b).  Claims of ineffectiveness of trial counsel not raised on direct appeal by new counsel could only be salvaged by a petitioner pleading and proving the additional claim of appellate counsel's ineffectiveness, i.e. a layered claim of ineffectiveness.  Commonwealth v. Grant, 572 Pa. 48, 60, 813 A.2d 726, 733 (2002).

On December 31, 2002, the Pennsylvania Supreme Court overruled Hubbard "to the extent that it require[d] that trial counsel's ineffectiveness be raised at the time when a petitioner obtains new counsel. . . ." Grant, 572 Pa. at 67, 813 A.2d at 738.  In announcing this new procedural rule that a "petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review," the Grant Court determined that the new rule should be applied

-17-

to "any other cases on direct appeal where the issues of ineffectiveness was properly raised and preserved." Id. at 67-68, 813 A.2d at 738.[10]   Where a petitioner's direct appeal had concluded prior to Grant, he was not affected by the Grant decision.  Thus, failure to raise claims of trial court's ineffectiveness on direct appeal, when represented by new counsel, effected a procedural waiver of the claim.  Commonwealth v. D'Amato, 856 A.2d 806, 812 (Pa. 2004) (because appellant's direct appeal pre-dated Grant, his claims of trial counsel's ineffectiveness were waived).

Where, as here, the Pennsylvania Superior Court has refused to address a pre-Grant claim of ineffectiveness of counsel on the basis of waiver, federal habeas corpus review of the claim is procedurally defaulted based upon an "independent and adequate" ground. Tillery, 142 Fed. Appx. at 68.  In this case, the Superior Court considered the application of Grant to Petitioner's situation and found it inapplicable because: (1) Ascenzi's direct appeal concluded prior to the issuance of Grant; and (2)  Grant did not apply to cases "currently pending" on collateral review.  Thus, the state court found that consideration of claims pertaining to the failure to object to impeachment of Ascenzi on the basis of a prior conviction and his absence during jury selection was foreclosed by Pennsylvania's waiver rules.

_____

[10]   In Commonwealth v. Bethea, 574 Pa. 100, 106 n.2, 828 A.2d 1066, 1070 n.2 (2003), the Pennsylvania Supreme Court clarified that "the retroactive application of Grant does not apply to claims of ineffective assistance of counsel where the intermediate appellate court rendered a merits disposition prior to the issuance of the decision in Grant."

These two claims of ineffectiveness of trial counsel that the Superior Court deemed waived as a result of 42 Pa. C. S. § 9544(b) are procedurally defaulted for federal habeas corpus review purposes.   Ascenzi has not made a showing of factual innocence so that consideration of these claims is not appropriate under the "miscarriage of justice" exception to the procedural default rule.  To the extent Petitioner blames his post-trial and appellate counsel for his default of these claims, this argument fails.  Specifically, the Pennsylvania Superior Court determined that Ascenzi failed to sufficiently layer these claims in his PCRA petition. (Dkt. Entry 39-4, Pennsylvania Superior Court Memorandum Opinion dated July 15, 2003, at pp. 5-6.)  Thus, Ascenzi's claims of Pike and Wassil's ineffectiveness for failing to raise Nocito's ineffectiveness with respect to the admission of his prior criminal record and alleged absence at jury selection are procedurally defaulted themselves.  This Court is not at liberty to second-guess the state court's application of an independent and adequate state procedural bar to consideration of the merits of a claim.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Tillery, 142 Fed. Appx. at 68 (refusing to examine correctness of state court determination that ineffective assistance claim was procedurally defaulted in the state courts).  Moreover, Ascenzi has not demonstrated "cause" for his default of claims with respect to post-trial or appellate counsel.  After the Superior Court of Pennsylvania found Petitioner's original PCRA counsel ineffective, Petitioner was given the opportunity to have new counsel appointed to assist him "develop each of [his] claims and [ ]

-19-

file an amended PCRA petition," if necessary.  (Dkt. Entry 39-3, Commonwealth v. Ascenzi, No.

95 MDA 2001 (Pa. Super.)(slip op.))  Ascenzi, however, declined the appointment of new

counsel, and elected to move forward with his claims and appeal as presented.  Based on

these findings, Ascenzi has not demonstrated the requisite "cause" to salvage his claims of

ineffective assistance of appellate or post-trial counsel necessary to revive his procedurally

defaulted claims of his trial counsel's ineffectiveness.  Accordingly, neither Pike's nor Wassil's

alleged ineffectiveness can serve as a valid basis for excusing Petitioner's procedural default of

claims that Nocito was ineffective for failing to object or move for a mistrial when "the

prosecutor lied when he alleged [Ascenzi] had a prior conviction," or when he failed to argue

Ascenzi's absence from jury selection.  This Court's consideration of these claims on the merits

is foreclosed.

        As for Ascenzi's claim that his trial counsel was ineffective because (a) he

allegedly stole money for him (presuming for the purposes of this discussion only that such an

assertion is the basis of a valid habeas claim), and (b) failed to file a direct appeal before

withdrawing as his counsel, these claims are also procedurally defaulted.  As to the theft

allegations, Ascenzi voluntarily withdrew that claim from his PCRA petition after admitting it was

being pursued via another action.  As for the claim that Nocito withdrew prior to filing an appeal

on Ascenzi's behalf, Petitioner cannot demonstrate the requisite prejudice in this matter

necessary to overcome the procedural default of this claim as he acknowledges that he was

-20-

appointed post-verdict, and then appellate, counsel, by the trial court.  Accordingly, federal

court consideration of these claims is foreclosed.

     **C.**     **Consideration on the Merits of Trial Counsel's Alleged Ineffectiveness.**

     A claim of ineffective assistance of counsel is cognizable as a claim of denial of

the Sixth Amendment right to counsel, which guarantees not only assistance, but effective

assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 686-687 (1984).  An

ineffective assistance of counsel claim has two components: 1) counsel's performance fell

below an objective standard of reasonableness; and 2) counsel's deficient performance actually

prejudiced the petitioner's case.  Id.  Petitioner must demonstrate "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  Id. at 694.  In other words, "any deficiencies in counsel's performance must be

prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

Id. at 692.  Where an error by counsel has no effect on the judgment, Petitioner's claim must

fail.  Id. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

     Where state courts have considered a claim for ineffective assistance of counsel,

the federal court's review of the claim is governed by 28 U.S.C. § 2254(d)(1).  Thus, a federal

court does not render an independent judgment, but rather determines whether the state court

decision is contrary to or involved an unreasonable application of the Strickland test.  See 28

U.S.C. § 2254(d)(1); Rompilla v. Horn, 545 U.S. 374, 380 (2005).

The Third Circuit Court of Appeals has held that the ineffective assistance standard applied by the Pennsylvania courts is materially similar to that articulated in Strickland. See Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).  Given that the Superior Court applied the correct standard, its opinion is not "contrary to" federal law.  Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469 (3d Cir. 2005).  The issue then is whether the Superior Court ruling constituted an unreasonable application of governing federal law.

"A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d. Cir. 2006).  "The object of an ineffective assistance claim is not to grade counsel's performance.  If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

### 1.      Failure to Call Two Eye Witnesses to Search of Ascenzi's Residence.

Ascenzi claims that his trial counsel (Nocito) failed to interview two eye witnesses who were present when the police executed the search warrant for Ascenzi's residence. Although he does not assert what testimony these witnesses would have provided at trial, Petitioner claims "these losses had to have handicapped my position towards my defense." (Dkt. Entry 2, Supporting Memorandum, pp. 9 - 10.)

To establish a claim of ineffectiveness of counsel for failure to call a witness, Petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was available and prepared to cooperate and would have testified on Petitioner's behalf; and (5) the absence of the testimony prejudiced the appellant. Commonwealth v. Lawson, 762 A.3d 753 (Pa. Super. 2000), app. denied, 566 Pa. 638, 781 A.2d 141 (2001).

The two witnesses in question were Americo Ascenzi and Dorothy Gainey, respectively, Petitioner's father and then girlfriend.  At his PCRA hearing, Petitioner's father and trial counsel testified.  Ascenzi's father testified that he was home the night the search warrant was executed, but that trial counsel never spoke to him, asked him for a formal statement, or requested his testimony at trial.  Contrary to the testimony of Petitioner's father, Attorney Nocito testified that he had interviewed both the elder Ascenzi and Gainey, and had made a tactical decision not to call them at trial because he did not believe that their testimony would aid the defense.  (Dkt. Entry 39-4, Superior Court Opinion, dated July 15, 2003, p. 4.)

Upon review of the evidence presented, the state trial and appellate courts found trial counsel's statement that he decided not to call either of these witnesses for strategic decisions after interviewing them to be credible.  The state courts also rejected as not credible

the testimony of Ascenzi's father, who disavowed any contact with Nocito.[11] The state court's factual findings must be accepted here, and are fatal to Ascenzi's claim pertaining to the failure to call these two witnesses at trial.

Ascenzi does not suggest what testimony these individuals may have presented that would have changed the outcome of his trial or how he believes he was prejudiced by trial counsel's failure to call them.  At most, in reference to counsel's failure to call these witnesses, Petitioner simply states "these losses had to have handicapped my position toward my defense."  (Dkt. Entry 2, Supporting Memorandum, p. 10.)  This allegation, without more, does not suggest Ascenzi was prejudiced as a result of Nocito's failure to call these witnesses.

Strickland and its progeny make clear that counsel's strategic choices will not be second guessed by post-hoc determinations that a different trial strategy may have yielded a better result.  Strickland, 466 U.S. at 689; see also Darden v. Wainwright, 477 U.S. 168 (1986). Accordingly, it cannot be said that the state court's rejection of this aspect of Ascenzi's claim of ineffective assistance of trial counsel is contrary to or an unreasonable application of Supreme Court precedent.

---

[11]   Significantly, Petitioner acknowledges that his trial counsel did indeed meet with his father prior to trial, thus contradicting the elder Ascenzi's testimony that he had not spoken with Attorney Nocito.  Ascenzi, however, minimized the significance of the meeting, asserting that it was "only to show [Nocito] around the house, so he could take pictures," and not for the purpose of "any potential testimony."   (Dkt. Entry 2, Supporting Memorandum, p. 38.)

2.      **Trial Counsel's Failure to Challenge the Weight
        of the Marijuana Seized from Ascenzi's Home.**

Petitioner states that errors were made in the weighing and recording of the

marijuana seized during the search of his home.  Petitioner asserts there are conflicting

amounts of marijuana reported throughout the record in this case.  As to this issue, the

Superior Court determined:

> The sentencing transcript indicates trial counsel reviewed the PSI
> prepared for appellant and identified the correct weight at 10.7
> pounds, not 10.9 pounds as indicated in the PSI.  In an attempt to
> lessen the amount seized for sentencing purposes, counsel also
> argued strenuously that at least .7 of this amount was for
> [Petitioner's] personal use, thereby reducing the amount to less
> than 10 pounds and reducing the mandatory minimum for a
> second-time offender from four years to one year.  Clearly counsel
> addressed the weight of the marijuana issue.  On these bases, we
> find appellant's claim of ineffectiveness fails.

(Dkt. Entry 39-4, Superior Court Opinion, dated July 15, 2003, p. 7.)(citations omitted).[12]  In light

of trial counsel's sentencing arguments, and Petitioner's concession that even by his calculation

at least 10 pounds of marijuana was seized from his home,[13] there is no basis for a finding that

---

[12]  In Petitioner's Supporting Memorandum (dkt. entry 2, p. 22), Ascenzi admits that he
was a second-time offender as he was previously convicted in 1992 in Passaic County, New
Jersey on a drug charge.  "I was sentence as a second offender, from Passaic back in 1992."
(Id.)

[13]  According to Petitioner, "my evaluation of the full weights = 4,763 grams."  (Dkt. Entry
2, Supporting Memorandum, p. 26.)  This statement is at odds with Petitioner's central point on
this matter because 4,763 grams is equivalent to 10.5 pounds.  Thus, even using Petitioner's
own suggested weight of the marijuana seized from his home, the amount exceeds 10 pounds.

trial counsel's performance fell below an objective standard or reasonableness under prevailing professional norms.  Therefore, Ascenzi's ineffectiveness assistance of trial counsel as to this claim fails the first prong of the <u>Strickland</u> test.  Ascenzi's belief that Nocito could have done more to argue the weight of the marijuana seized does not demonstrate that his performance fell below the range of acceptable professional assistance.

Furthermore, Ascenzi is unable to show prejudice as to this claim.  While there may have been varying weights ascribed to the drugs, they all exceeded ten pounds.  Ascenzi has not shown that there is a reasonable probability that less than this amount was seized from his home.  Accordingly, he is not entitled to relief on this ground.

3. **Trial Counsel's failure to object to the imposition of the $30,000 fine without consideration of ability to pay.**

Petitioner contends trial counsel should have objected to the imposition of a $30,000 fine without first determining his ability to pay.  Petitioner contends the fine is prejudicial and excessive

Pursuant to 18 Pa. C. S. § 7508, the mandatory sentence for a second time offender where "at least" 10 pounds of marijuana is involved is "four years in prison and a fine of $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity."  Given Petitioner's prior drug conviction and the quantity of marijuana seized, Ascenzi's trial counsel had no room to object to the fine imposed by the

judge, as it was in accordance with the statute.  According to 18.  Pa.C. S. § 7508(c), "[t]here

shall be no authority in any court to impose on an offender to which this section is applicable a

lesser sentence than provided for herein."  Under Strickland, counsel is ineffective only when

counsel's  performance at trial was deficient, and the deficiency would have resulted in a

different trial outcome.  Counsel is not required to do that which would be futile.  See

Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004)("An attorney cannot be ineffective

for failing to raise a claim that lacks merit.").  Because the state court's conclusion as to this

issue is not contrary to or an unreasonable determination of law, Ascenzi is not entitled to

habeas corpus relief on this claim.

> **D.      Asenzi's Fourth Amendment Claims Related to
>           the Search Warrant: Violation of Knock and
>           Announce Rule and Insufficiency of Probable
>           Cause Affidavit.**

Ascenzi argues that the trial court erred in failing to suppress evidence that was

seized based upon an illegal search of his home.  Specifically, Petitioner claims the search

warrant was not properly supported by probable cause and that the officers executing the

warrant failed to abide by Pennsylvania's "knock and announce" rule.  (Dkt. Entry 1, Petition,

Grounds 4 and 5; Dkt. Entry 2, Memorandum in Support, pp. 13 - 14; pp. 42 - 48; p. 55.)

Pursuant to Stone v. Powell, 428 U.S. 465 (1976), these claims fail to state a proper ground for

habeas relief.

It is well settled that ". . . a state prisoner may not be granted federal habeas

corpus relief on the ground that evidence seized in an unconstitutional search or seizure was introduced at his trial," if the state has already provided an "opportunity for full and fair litigation" of his Fourth Amendment claim.  Stone, 428 U.S. at 494; Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir.), cert denied , 512 U.S. 1230 (1994) ("Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them.")

Here, Petitioner's trial counsel filed an omnibus pretrial motion and a suppression hearing was held challenging the search warrant and the possible violation of the "knock and announce" rule.  (See Dkt. Entry 2, p. 98, Luzerne County Court of Common Pleas, Order dated September 27, 1995.)  On direct appeal, the sole issue raised was "that the trial court erred in failing to suppress evidence because the police violated the knock and announce rule when executing a search warrant."  (Dkt. Entry 39-2, Pennsylvania Superior Court, Order dated October 2, 1998.)

Ascenzi argues that he was not given a "full and fair opportunity" to litigate this issue in state court because the Luzerne County District Attorney's father, Peter P. Olszewski, Sr., served as a Senior Judge in the western district of the Superior Court of Pennsylvania at the time.  Ascenzi calls it "mysterious" that  his direct appeal, which arose out of Luzerne County, was assigned to a panel of judges from the western region of the Superior Court.  (See Dkt. Entry 2, Memorandum in Support of Petition for Habeas Corpus, p. 8.)  Ascenzi claims this

assignment and the issuance of a one page ruling suggests "scan[dal] at that level."  (Dkt. Entry 30, Traverse, p. 7.)  Ascenzi's accusations are conclusory, unsupported, and do not suggest he was denied a fair and impartial review of his Fourth Amendment claims.  Because Ascenzi was afforded a full and fair opportunity to litigate his Fourth Amendment claims in state court, this Court is precluded from reexamining them.

IV.     Conclusion.

For the foregoing reasons, the habeas petition will be denied.  The accompanying Order will also deny a certificate of appealability.  Petitioner is advised that he has the right for thirty (30) days to appeal the Order denying his petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  See Fed. R. App. P. 22; 28 U.S.C. 2253(c)(2).

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL J ASCENZI,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CIVIL NO. 3:CV-04-2714** |
| **v.** | : | |
| | : | **(JUDGE VANASKIE)** |
| **CHARLES ERICKSON,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

# O R D E R

    **AND NOW**, **this 1st day of JUNE, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    The petition under 28 U.S.C. § 2254 is **DENIED.**

    2.    A certificate of appealability is **DENIED**.

    3.    Petitioner's Motion for Counsel (Dkt. Entry 43) is **DISMISSED**.

    4.    Petitioner's Motion to Compel (Dkt. Entry 46) is **DISMISSED**.

    5.    The Clerk of Court shall mark this matter **CLOSED.**

                    **s/ Thomas I. Vanaskie**
                    Thomas I. Vanaskie
                    United States District Judge